## MILLSPAUGH v. ERIE R. CO.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

### No. 46.

MASTER AND SERVANT (§ 279*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —ACTION—SUFFICIENCY OF EVIDENCE.

Evidence *held* to wholly fail to sustain the allegation of a railroad fireman that a collision in which he was injured was due to the incompetency of another employé, but, on the contrary, to show affirmatively that such employé possessed the required competency for the duties of his position.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 279.*]

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

Action by Bert M. Millspaugh against the Erie Railroad Company. From a judgment of compulsory nonsuit, plaintiff brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. D. B. Ainey, for plaintiff in error.
Everett Warren, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Bert M. Mills-paugh sued the Erie Railroad Company for damages for personal injury. At the close of the testimony on his behalf the court entered a compulsory nonsuit, and on its refusal to take it off he sued out this writ of error.

Millspaugh was a fireman in defendant's employ, and was injured on the night of September 24, 1905, when his engine with a through train collided with two engines that were being shifted across the main line where it passed through the defendant's Susquehanna engine yard. On the evening of the accident the switches and signals controlling the two engines were in charge of Howard Butts, the switchman, and the two coupled engines were in charge of George Barrows, the engine hostler, who was moving them under signals from Butts from the roundhouse on the south side of the yard to the ash pits on the north side, and thence back to the coal pockets on the south side. The proofs show that either through the negligence of Butts in giving wrong signals to Barrows, or the negligence of Barrows in disregarding proper signals given by Butts, the two engines improperly got on the main track and in the right of way of Millspaugh's train, with the resultant collision. Now the sole ground on which Millspaugh based recovery was that the railroad employed an incompetent man as engine hostler in George Barrows, whose incompetency, it was alleged, caused the accident. The alleged incompetency of Barrows consisted in his lack of knowledge both of the time-tables and of the rules governing the running of trains.

From the proofs it is clear that the entire movement of engines in this yard was in charge of Butts, the switchman. The engine hostler had nothing to do with the control of engine movement. His duty was to move on, and only on, signals from the switchman. The requirements of competency on the hostler's part, therefore, consisted of knowledge of signals and capability to run his engine in answer thereto. These requirements he had. He was familiar with railroads. He had served more than two years on defendant's road as a brakeman, and during that time had familiarized himself with signals, and from riding on the engine had learned how the engineer ran the engine and answered them. He had worked as a roundhouse man for more than a year and a half and for several months later in firing engines at a roundhouse. From this he went to engine hostling at the Susquehanna yards, where he had been employed for two months when the accident occurred. Indeed, the proofs, which, it will be observed, were adduced by the plaintiff, not only failed to show incompetence on the part of Barrows in the line of the capacity required, viz., familiarity with signals and capacity to run an engine, but such affirmative evidence of the absence of negligence of the railroad in employing Barrows that the court was not only justified, but constrained, to hold

there was no evidence to warrant a jury in holding the defendant guilty of negligence in employing him.

Such being the case, the misfortune of the plaintiff's accident could not be justly charged to the railroad, and the court's action in so holding must be affirmed.